UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WAYNE FIFI ET AL. | CIVIL ACTION |
| VERSUS | NO. 14-1165 |
| MARTIN E. REGAN, JR. AND ASSOCIATES | SECTION "N"(2) |

## REPORT AND RECOMMENDATION

Plaintiffs Wayne Fifi, a prisoner, and Mary Ann Brown filed the captioned suit pro se and in forma pauperis against Martin E. Regan, Jr. and Associates ("Regan"), a private New Orleans law firm. The original complaint, Record Doc. No. 1, alleged that "Brown, for and on behalf of . . . Fifi entered into a contract for professional legal services" with Regan to represent Fifi in criminal proceedings against him in the 24th Judicial District court for Jefferson Parish. Specifically, plaintiffs alleged that Regan failed timely to enroll as Fifi's counsel in his direct appeal to supplement a brief that had been filed by appointed counsel, and that the appeal was decided before he tried to enroll. The original complaint asserted three state law causes of action: (a) breach of contract, (b) legal malpractice and (c) fraud.

Fifi alone – without naming Brown – then filed a new submission on a "Form to be Used by a Prisoner in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983." The form, which the court has treated as an amended complaint, noted that Fifi had been moved from his former place of incarceration, the River Bend Correction Center in Lake Providence, Louisiana, to the Nelson Coleman Correctional Center in

Killona, Louisiana. The new filing reiterated the same three state law claims asserted in the original complaint and added an allegation of violation of Fifi's constitutional rights based on Regan's "ineffective assistant (sic) of counsel." Record Doc. No. 4 at p. 4, ¶ IV.

The relief sections of Fifi's submissions seek compensatory damages of $11,500.00, which Fifi and/or Brown allegedly paid to Regan for expected legal services, plus additional unspecified damages for "mental stress, pain and suffering," together with costs and attorney's fees. Record Doc. Nos. 1 at p. 5 and 4 at p. 5, ¶ V.

Fifi subsequently submitted a letter to the Clerk dated June 26, 2014, advising the court that "Ms. Mary Ann Brown is a friend that was trying to help me with this problem but now that my savings has ran (sic) out and I am unable to pay anymore lawyers, Ms. Brown is limited to what she can do to help me, and the inmate lawyer that filed my papers (sic) work had Ms. Brown['s] name on the claim of demand. I am requesting that the court remove Ms. Mary Ann Brown['s] name off of this claim . . . ." Record Doc. No. 6.  Brown has never submitted a pauper application or paid the filing fee in this matter.

## ANALYSIS

I.   STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been

filed in forma pauperis.  28 U.S.C. § 1915A(a); Lewis v. Estes, 242 F.3d 375, 2000 WL 1673382, at *1 (8th Cir. 2006); Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998).  Such complaints by prisoners and by others proceeding in forma pauperis must be dismissed upon review if they are frivolous or fail to state a claim upon which relief can be granted.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1); Shakur, 391 F.3d at 113; Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'"  Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended).  A complaint is frivolous "if it lacks an arguable basis in law or fact."  Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).  The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'"  Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'"  Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder,

105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992). An in forma pauperis complaint which is legally frivolous, fails to state a claim or seeks monetary relief against a defendant who is immune from such relief may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2).

In this case, plaintiffs' complaint must be dismissed, either under 28 U.S.C. § 1915(e) as legally frivolous because it lacks an arguable basis in law, or under Rule 12(b)(6), because it fails to state a cognizable Section 1983 claim under the broadest reading.[1] In addition, no other valid basis for federal jurisdiction has been stated in this complaint, so that the state law claims must be dismissed without prejudice to be pursued in state court if Fifi desires to do so.

---

[1] The court must "liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel," Smith v. Lonestar Constr., Inc., 452 F. App'x 475, 476 (5th Cir. 2011), cert. denied, 132 S. Ct. 1746 (2012) (quotation omitted); Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994), and I have done so in this case.

II.     DEFENDANT IS NOT A STATE ACTOR

Fifi is a prisoner who appears to be asserting, at least in part, claims alleging violation of his constitutional rights using a form provided to prisoners for asserting civil rights claims under 42 U.S.C. § 1983. He asserts no claims concerning the conditions of his confinement or against any individual state officers acting as his custodians or in any other capacity. Instead, Fifi's claims against defendant Martin E. Regan, Jr. and Associates are based on his allegations that Regan provided Fifi with ineffective assistance of counsel in his legal representation in state court criminal proceedings against Fifi.

To be successful under Section 1983, a plaintiff must establish that a defendant has acted under color of state law in violating his rights. Daniels v. Williams, 474 U.S. 327 (1986). To state a claim under Section 1983, a plaintiff must show (1) deprivation of a right, privilege or immunity secured by the federal laws or Constitution (2) by one acting under color of state law. James v. Texas Collin County, 535 F.3d 365, 373 (5th Cir. 2008); Calhoun v. Hargrove, 312 F.3d 730, 734 (5th Cir. 2002); Mississippi Women's Med. Clinic v. McMillan, 866 F.2d 788, 791 (5th Cir. 1989). Thus, plaintiff must show that Regan's actions are "fairly attributable to the state." West v. Atkins, 487 U.S. 42, 49 (1988); accord Johnson ex rel. Wilson v. Dowd, 305 Fed. Appx. 221, 2008 WL 5212795, at *2 (5th Cir. 2008); Cornish v. Correctional Servs. Corp., 402 F.3d 545, 549 (5th Cir. 2005).

The law is clear that under no circumstances can this defendant, a private law firm and/or its attorneys who represented or were retained to represent Fifi in his criminal case, be considered a state actor for Section 1983 purposes as a matter of law. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Small v. Dallas County, 170 Fed. Appx. 943, 2006 WL 925500, at *1 (5th Cir. 2006) (citing Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996); Mills v. Criminal Dist. Ct. No. 3, 837 F.2d 677, 679 (5th Cir. 1988)). Because the defendant is not a state actor, plaintiff's Section 1983 claims against the law firm and its attorneys have no basis in federal law and must be dismissed. Fifi has failed to state a cognizable Section 1983 claim.

III.   NO DIVERSITY JURISDICTION

It is axiomatic that this court exercises only limited jurisdiction and must, at all times, examine and be satisfied of its own subject matter jurisdiction. Subject matter jurisdiction "is nonwaivable and delimits federal-court power . . . . Subject-matter limitations on federal jurisdiction . . . keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level." Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the

action."²)); accord Ashcroft v. Iqbal, 129 S. Ct. 1937, 1945 (2009). Even if "neither party raises the issue of subject matter jurisdiction, this court must consider jurisdiction sua sponte." Equal Emp't Opportunity Comm'n v. Agro Distrib., LLC, 555 F.3d 462, 467 (5th Cir. 2009).

It is equally axiomatic that plaintiffs who invoke the court's jurisdiction bear the burden to show the basis for subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Vantage Trailers, Inc. v. Beall Corp., 567 F.3d 745, 748 (5th Cir. 2009). "In evaluating jurisdiction, the district court must resolve disputed facts without giving a presumption of truthfulness to the plaintiff's allegations." Id.

> The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "[f]ederal-question" jurisdiction, § 1332 for "[d]iversity of citizenship" jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States.FN10 She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000.

Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006) (citing Steel Co., 523 U.S. at 89); (quoting Bell v. Hood, 327 U.S. 678, 682-83 (1946)(emphasis added)).

---

² The quoted language is the current version of Rule 12(h)(3), which was amended in 2007 to make changes that are "stylistic only." Fed. R. Civ. P. 12, official comment (2007).

In this case, the complaint, as supplemented, must be dismissed under Fed. R. Civ. P. 12(h). For the reasons discussed above, plaintiffs' claims fail to establish federal question jurisdiction under either Section 1983 or any other federal basis.

It is also clear from plaintiffs' submissions, however, that to whatever extent they seek to assert state law claims, diversity of citizenship jurisdiction over such claims does <u>not</u> exist. Diversity jurisdiction exists only when the claims in the complaint are between citizens of <u>different</u> states, and when the matter in controversy exceeds the sum or value of $75,000, <u>exclusive of interest and costs</u>. 28 U.S.C. § 1332(a)(emphasis added).

The law is long established that, when federal jurisdiction is based on diversity of citizenship, <u>complete</u> <u>diversity</u> must exist between <u>all</u> adverse parties in the action; i.e., plaintiff's citizenship must be diverse from the citizenship of each defendant. <u>Lincoln Prop. Co. v. Roche</u>, 546 U.S. 81, 89 (2005) (citing <u>Strawbridge v. Curtiss</u>, 7 U.S. 267, 267 (1806)); <u>Breaux v. Dilsaver</u>, 254 F.3d 533, 536 (5th Cir. 2001). The complaint identifies all parties, Fifi, Brown and Regan, as citizens of Louisiana. Record Doc. No. 1 (Complaint at p. 2.) Thus, there is no diversity of citizenship in this case.

In addition, diverse citizenship of the parties is only one of <u>two</u> separate requirements to establish subject matter jurisdiction in this court under 28 U.S.C. § 1332. Specifically, plaintiffs fail to allege the requisite $75,000.00 amount in controversy to support diversity jurisdiction. The only specific dollar amount which plaintiffs seek to

recover from Regan mentioned in the complaint is $11,500.00. Even if some reasonably anticipated (and affirmable) amount of additional compensatory damages is added for mental stress, pain and suffering, these allegations fail on their face to meet the jurisdictional amount threshold of $75,000.00. Thus, the facts alleged clearly "do not support a finding of the jurisdictional minimum," Morris v. Electric Mobility, Inc., 2003 WL 21664726, *1 (E.D. La. July 15, 2003), and this court lacks subject matter jurisdiction over plaintiffs' state law claims, which must be dismissed without prejudice.

## RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint asserting claims pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE** as legally frivolous and/or for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2) and that his state law claims be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v.

<u>United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[3]

        New Orleans, Louisiana, this 22nd day of October, 2014.

                                          JOSEPH C. WILKINSON, JR.
                                        UNITED STATES MAGISTRATE JUDGE

---

[3] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.